OPINION
{¶ 1} Defendant-appellant Jack Benning [hereinafter appellant] appeals his November 30, 2001, conviction and sentence from the Stark County Court of Common Pleas on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the fifth degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 21, 2001, the Stark County Grand Jury indicted appellant on one count of domestic violence, in violation of R.C.2919.25(A), a felony of the fifth degree. The indictment specifically alleged that appellant had knowingly caused or attempted to cause physical harm to Diana Bowen, a family or household member, and that appellant had been convicted of domestic violence previously.
 {¶ 3} A jury trial commenced on November 26, 2001. The following evidence was adduced at trial. On September 8, 2001, appellant and his girlfriend, Diana Bowen [hereinafter Bowen], were drinking at their residence. The two began to argue with one another. During the argument, appellant poured a bottle of wine on Bowen and hit her on the forehead with the bottle. Then, appellant grabbed Bowen and hit her again.
 {¶ 4} Bowen was able to escape from appellant and ran downstairs to the apartment of Jennifer Johnston. Bowen banged on Johnston's door until the neighbor answered. Johnston observed a goose egg on Bowen's forehead and that Bowen was extremely upset. Bowen pleaded with Johnston to call the police and Johnston complied by calling 9-1-1.
 {¶ 5} The police and paramedics responded to the Johnston apartment. Photographs were taken of bruises on appellant's arm, leg, and forehead. These photographs were admitted into evidence.
 {¶ 6} Appellant did not testify on his own behalf. However, appellant stipulated to a prior conviction for domestic violence.
 {¶ 7} The trial concluded on November 27, 2001. The jury found appellant guilty as charged. By Judgment Entry filed November 30, 2001, the trial court sentenced appellant to a definite term of imprisonment of ten months.
 {¶ 8} It is from appellant's conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 9} "The jury verdict finding appellant guilty of domestic violence was against the manifest weight of the evidence in violation of the due process clause of the Fourteenth Amendment to the United States Constitution."
 {¶ 10} In the sole assignment of error, appellant contends that the conviction for domestic violence was against the manifest weight of the evidence. We disagree.
 {¶ 11} In reviewing whether a conviction is against the manifest weight of the evidence, our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 12} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A). Revised Code 2919.25 states the following, in relevant part: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. (D) Whoever violates this section is guilty of domestic violence. . . . If the offender previously has pleaded guilty to or been convicted of domestic violence, of a violation of a municipal ordinance that is substantially similar to domestic violence, . . . a violation of division (A) or (B) of this section is a felony of the fifth degree. . . ." R.C. 2919.25(D).
 {¶ 13} A "[f]amily or household member" is defined as follows:
 {¶ 14} "(a) Any of the following who is residing or has resided with the offender:
 {¶ 15} "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 16} "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 {¶ 17} "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender." R.C. 2919.25(E)(1), in part. A "`[p]erson living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(E)(2).
 {¶ 18} Upon our review of the record, we cannot say that the jury lost its way so as to create a manifest miscarriage of justice when it convicted appellant. Bowen testified that she and appellant had an on-and-off again relationship for about three years. They lived together throughout that time period in an apartment. Bowen gave appellant money for the apartment and shared expenses with appellant. After the two had drunk a lot of alcohol on September 8, 2001, appellant and Bowen got into an argument. Appellant hit Bowen on the head with a wine bottle during the argument. According to Bowen's testimony, appellant grabbed her as she began to fall and then hit her again, knocking her down. Bowen was able to get away. Bowen ran to the apartment of Jennifer Johnston. Johnston testified that she observed a goose egg on Bowen's forehead and described Bowen as extremely upset. Nine-one-one was called.
 {¶ 19} Police and paramedics responded. Photographs of bruises on appellant's arm, leg and forehead were admitted into evidence.
 {¶ 20} Appellant stipulated to a prior conviction for domestic violence.
 {¶ 21} Based on the foregoing facts, we find that the conviction was not against the manifest weight of the evidence. While appellant argues that the State's witnesses were not credible, we note that the jury, as trier of fact, was in the best position to assess their credibility. Clearly, the jury found the State's witnesses to be credible. In short, we cannot say that the jury, in convicting appellant, lost its way so as to create a miscarriage of justice.
 {¶ 22} The Judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J., Hoffman, P.J. and Wise, J. concur.
In Re: DV — Manifest Weight.